In the Matter of the Estate of TOWNSEND BURT, Deceased.

Surrogate's Court, Bronx County, July 22, 1933.

*Medina & Sherpick*, for the executors.

*Edward E. Bianco*, special guardian.

HENDERSON, S.   The special guardian objects to the proposed decree in so far as it provides for full commissions to each of the three executors.   The decedent's realty was devised to the trustees of the residuary trust and there is no deficiency in the personalty. The executors are also the trustees, but, as executors, they have never received, distributed or delivered the realty or any part thereof, except the equity therein to the value of $10,000 which they received by satisfying two mortgages and executing two other mortgages under a power contained in the will, which has not been questioned.   They are not entitled to commissions on the remaining equities in the realty.   This $10,000 and the gross value of the personalty aggregate less than $100,000.   The executors are, therefore, entitled to but one whole commission divided equally among them.   (Surr. Ct. Act, § 285.)   The word " principal " in the statutory language, " principal of the estate or fund accounted for," means principal which the accountants have received and for which they are legally accountable.   It does not include principal which they might lawfully receive, unless they actually do receive it. The inclusion in their account of principal for which they are not accountable does not entitle them to include such principal in the computation of their commissions under the statute.   The objection of the special guardian is sustained.   The proposed decree has been modified accordingly, and as so modified, signed.